CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

2015 JAN 15  AM 10: 20

DEPUTY CLERK

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **DONALD F. HAGLE,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 1:13-CV-132-BL** |
| | § | |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | **Assigned to U.S. Magistrate Judge** |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Donald Hagle (Hagle) seeks judicial review of the decision by the Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). The United States District Judge ordered the case be reassigned to this court pursuant to 28 U.S.C. § 636(c). (Doc. 7). After considering all the pleadings, briefs, and administrative record, this court recommends the decision of the Commissioner be affirmed and Hagle's complaint be dismissed.

### Statement of the Case

Hagle originally filed his claim for SSI on February 23, 2010. *See* (Doc. 22-8, pp. 4–7). The Commissioner denied his claim initially on May 28, 2010, (Doc. 22-7, pp. 5–8), and again upon reconsideration on September 13, 2010. *Id.* at 12–14. Hagle appealed and a hearing was conducted by an Administrative Law Judge (ALJ) on August 22, 2011. *See* (Doc. 22-5, pp. 49–74). October 26, 2011, the ALJ determined that Hagle was not disabled under the Act. *Id.* at 34–42.

Specifically, the ALJ held that Hagle: did not engage in any substantial gainful activity

1

after his application date; had a combination of impairments that together were severe; had the residual functional capacity (RFC) to, in pertinent part, stand and walk 2 hours in an 8-hour work day, and lift and carry 20 pounds occasionally and 10 pounds frequently; and could not perform any of his past relevant work. *Id.* at 36–41). However, the ALJ determined that given Hagle's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Hagle could perform, and Hagle was accordingly not disabled under the Act. *Id.* at 34–42.

The Appeals Council denied review on July 12, 2012. *Id.* at 2–5. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

### Factual Background

Prior to his alleged disability, Hagle worked primarily in the oil and gas industry on drill sites. (Doc. 22-5, p. 61). A few different workplace accidents, including falling off a derrick and falling off a separate substructure, caused or contributed to Hagle's medical problems. *Id.* at 56–61. Additionally, Hagle was diagnosed with avascular necrosis, a disease that causes deterioration of the bones. *Id.* at 56. Hagle spent three years in the custody of the Texas Department of Corrections, during which he underwent a left hip replacement operation. *Id.* at 52, 54, 63. Due to complications with the artificial hip and the avascular necrosis, however, Hagle claims he needs to undergo a second left hip replacement surgery as well as a right hip replacement surgery. *Id.* at 62.

The cumulative effect of these injuries, surgeries, and medical conditions, Hagle claims, is that he is disabled and can no longer work.

**Standard of Review**

A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716,

718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422, 28 L. Ed. 2d 842 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452.).

## Discussion

Hagle raises a single issue on appeal to this court. He claims the ALJ's step five conclusion that Hagle could perform other work in the national economy was not based on substantial evidence. Specifically, Hagle asserts that there was a conflict between the VE's testimony and the DOT concerning the jobs that the VE claimed Hagle could perform.

## VE vs. DOT?

At step five in the sequential evaluation, the burden shifts to the Commissioner to show that jobs exist in substantial numbers in the national economy that the claimant could perform. *Audler*, 501 F.3d at 448; *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987); 20 C.F.R. § 404.1520(g). "In making this determination, an ALJ has to consider the claimant's age, education, and work experience, as well as his residual functional capacity." *Fraga*, 810 F.2d at 1304. Where, as here, the claimant has severe impairments that significantly affect his RFC, "the

4

ALJ must rely upon expert vocational testimony or other similar evidence to establish that such jobs exist." *Id.*; *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. § 404.1520(c); *see* (Doc. 22-5, p. 36 n. 1) (noting that Hagle's combination of impairments is severe). If the Commissioner "adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work." *Fraga*, 810 F.2d at 1302.

> Social Security Ruling (SSR) 00-4p states:

> Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

The court notes, as an initial matter, that the ALJ fulfilled his duty under the Social Security Rulings by asking the VE whether his testimony conflicted with the DOT. (Doc. 22-5, p. 72). The VE apparently replied there was no conflict.[1] As discussed further below, Hagle's attorney did not attempt to show that such a conflict existed. "Therefore, nothing at the hearing triggered the ALJ to elicit a 'reasonable explanation' for any possible conflicts." *Johnson v. Comm'r of Soc. Sec. Admin.*, No 3:11-CV-3126-L, 2013 U.S. Dist. LEXIS 24042, 2013 WL 632104 (N.D. Tex. Feb. 4, 2013) (citing *Gaspard v. Soc. Sec. Admin. Comm'r.* 609 F.Supp.2d 607, 613–14 (E.D. Tex. 2009).

Hagle nonetheless contends that such conflicts do exist. Hagle states that his "RFC

---

[1] The hearing transcript does not contain the VE's answer when the ALJ asked about whether the VE's testimony conflicted with the DOT. (Doc. 22-5, p. 72). Both parties pointed to this fact. (Doc. 24, p. 13; Doc. 25, p. 6). The ALJ's opinion, however, indicated that the VE testified there was no such conflict. (Doc. 22-5, p. 42). Further, Hagle's attorney did not object, on the record, to the response—or lack thereof—by the VE as to any such conflict. This court has no reason to doubt the ALJ's representation that the VE testified no conflict existed.

restriction to walking and standing for a total of only two hours during an eight hour day inherently precluded the performance of light work and limited him to performing only sedentary work." Pl.'s Br. 9. Thus, Hagle concludes, he could not perform the three jobs the VE proffered, which were at light exertional level.[2]

It is important to note that the ALJ's RFC finding partially precluded the performance of sedentary work. *See* SSR 83-10. "The regulations define sedentary work as involving lifting *no more than* 10 pounds . . . ." *Id.* (emphasis added); *see* 20 C.F.R. §§ 404.1567, 416.967. "The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds." SSR 83-10; *see* 20 C.F.R. §§ 404.1567, 416.967. One of the limitations the ALJ imposed, which Hagle does not contest, was that Hagle could lift and carry 20 pounds occasionally and 10 pounds frequently. (Doc. 22-5, pp. 37, 71). From the beginning, then, this ability muscled Hagle out of only sedentary work. SSR 83-10; 20 C.F.R. §§ 404.1567, 416.967. The next lowest exertional level is light. Thus, because Hagle can do more than sedentary work, at minimum, the ALJ had to set Hagle's capacity at the light exertional level.

Another limitation the ALJ imposed was standing and walking for not more than 2 hours, (Doc. 22-5, pp. 37, 71), which potentially could cut down in a meaningful way on the occupational base of light jobs that Hagle could perform.[3] Still, this is the precise setting for the expert testimony of a VE. *See, e.g., Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) ("The

---

[2] In response to the ALJ's questioning, the VE stated there were three jobs the hypothetical person could perform, all at the light exertional level: Small Products Assembler I, Information Clerk, and Storage Facility Rental Clerk. *See* DOT §§ 706.684-022, 237.367-018, 295.367-026; (Doc. 22-5, p. 72).

[3] SSR 83-10 states, for example, that "a job is in [the light] category when it requires a good deal of walking or standing—the primary difference between sedentary and most light jobs," and "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." However, SSR 83-10 states that a job "is also in [the light] category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, *which require greater exertion than in sedentary work*." (emphasis added).

regulatory structure as well as controlling precedent requires expert testimony on such issues [as a factual disagreement about whether a person with specific limitations can fulfill specific job requirements]"); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986) ("The value of a [VE] is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A [VE] is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform a specific job.").

Nonetheless, the ALJ imposed his limitations clearly, asked the VE clearly if jobs existed given those limitations, and the VE stated jobs did exist. (Doc. 22-5, pp. 71–72). Hagle's attorney then failed, through cross-examination or presentation of direct evidence, to attack the VE's conclusion that such jobs required more than 2 hours of standing and walking per day.[4] *Id.* at 72–73. Neither did Hagle's attorney question whether the VE's assessment conflicted with the DOT.

Unlike in similar cases, *see, e.g.*, *Caronia v. Colvin*, No. 4:12-CV-595-Y 2013 U.S. Dist. LEXIS 131029, 2013 WL 5192904 (N.D. Tex. Sept. 13, 2013) and *Johnson*, 2013 U.S. Dist. LEXIS 24042, 2013 WL 632104, Hagle does not point in briefing to specific conflicts between the VE's testimony and the DOT. For example, Hagle does not contend that a Storage Facility Rental Clerk requires a particular amount of standing and walking according to the DOT and a different amount according to the VE. Instead, Hagle pulls snippets of SSR 83-10 to flatly claim that "light work requires standing or walking, off and on, for a total of approximately 6 hours of

---

[4] Hagle's attorney at the administrative hearing asked the VE whether the hypothetical jobs could be performed by someone who required an accommodation of being able to recline his feet to waist level for one hour in the morning and one hour in the afternoon. (Doc. 22-5, p. 73). The VE responded no. *Id.* However, Hagle did not introduce evidence showing that he required such an accommodation. Further, Hagle does not contest that the jobs the VE proffered could be performed by someone with a cane, as Hagle uses. (*See* Doc. 22-5, p. 72).

7

an 8-hour workday." Pl.'s Br. 9 (internal quotation marks omitted).[5] He claims that his case is

like the Fifth Circuit's decision in *Carey*. Pl.'s Br. 10. He fails to realize just how alike the two

cases are.

> In *Carey*, a plaintiff with only one functional arm was deemed capable of performing
> jobs which the DOT defined as requiring 'manual dexterity' and 'handling and
> fingering.' The Fifth Circuit noted that 'the conflict identified by Carey does not even
> become apparent until the further inference is made that the jobs require manual dexterity
> with, not one, but two hands. Moreover, that conflict is greatly mitigated by the VE's
> specific testimony that Carey could perform the identified jobs with only one arm and
> hand. Carey basically contends that the VE's testimony . . . should have been explored
> further, when Carey himself failed to do so in the administrative hearing.

*Castro v. Astrue*, No. 3:09-CV-1700, 2011 WL 1252584 (N.D. Tex. April 1, 2011) (citing *Carey*,

230 F.3d 131) (internal quotation marks omitted) (citation omitted).

Like in *Carey*, a conflict here does not become apparent until the inference is made that

no light jobs exist with a 2 hour standing and walking limit. *See Carey*, 230 F.3d at 146. Like in

*Carey*, the VE explicitly testified that the claimant could perform jobs in the economy with a

specific caveat on top of the ALJ's imposed limitations; here, with a cane. (Doc. 22-5, p. 72);

*Carey*, 230 F.3d at 146. Like in *Carey*, Hagle failed to explore the VE's testimony further in the

administrative hearing. *See Carey*, 230 F.3d at 146; (Doc. 22-5, p. 72–3). Hagle may not now

present this issue as reversible error. *See, e.g.*, *Carey*, 230 F.3d at 146–47.

At minimum, substantial evidence supports the ALJ's determination that work exists in

the national economy that Hagle could perform. *See Perales*, 402 U.S. 389. If the

Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld.

*Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994). In this case, substantial evidence supports each

---

[5] In context, SSR 83-10 states: "Frequent" means occurring from one-third to two-thirds of the time. Since frequent
lifting or carrying requires being on one's feet *up to* two thirds of a workday, the *full range* of light work requires
standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. SSR 83-10 (emphasis
added). Again, it is undisputed that Hagle's lifting and carrying capacity is greater than sedentary level.

of the ALJ's determinations.

## Conclusion

For the foregoing reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Hagle's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED**.

Dated this ⟋⟋𝓉𝒽 day of January, 2015.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

9